UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No. 17-cv-01426
THEODORE LAMBRINOS,

                                      Plaintiff,

                                                            **COMPLAINT**

        -against-

PHILLIPS & COHEN ASSOCIATES, LTD.,

                                        Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

       1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.    Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.      This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5.      Plaintiff is a natural person who resides in this District.

6.      Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7.      The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes on a credit card account originally owned by Merrick Bank Corporation.

8.      Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.      Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.     Defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. The principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign business corporation incorporated in New Jersey.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Defendant sent plaintiff a collection letter dated January 13, 2017.

16. In the letter defendant stated that it was attempting to collect the debt for Merrick Bank.

17. The date on which plaintiff last paid the debt was no earlier than January 2016.

18. At the time defendant sent its letter to plaintiff the debt was within the statute of limitations for a lawsuit.

19. However, defendant stated in its letter in pertinent part:

"Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices, 15 U.S.C. § 1692 et seq., to sue on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

Case 1:17-cv-01426-JSR   Document 1   Filed 02/24/17   Page 4 of 9

20. Upon receipt of defendant's letter plaintiff believed, erroneously, that he could not be sued for the debt.

21. Upon receipt of defendant's letter plaintiff believed, erroneously, that he would be able to get any lawsuit against him for the debt dismissed on the ground of the statute of limitations, if such a lawsuit were brought.

## AS AND FOR A FIRST CAUSE OF ACTION

<u>False, deceptive and misleading statement that statute of limitations had expired</u>

15 U.S.C. §§ 1692e and 1692e(2)(A)

22. Plaintiff re-alleges paragraphs 1-21 as if fully re-stated herein.

23. Defendant stated in its letter that the statute of limitations had expired.

24. A reasonable reading of defendant's letter by plaintiff and the least sophisticated consumer would lead them to believe that the statute of limitations had expired.

25. Said statement was false because the statute of limitations had not expired at the time defendant sent its letter to plaintiff.

26. Such a reading would be false because the statute of limitations had not expired at the time defendant sent its letter to plaintiff.

27. Said statement was deceptive and misleading because it would cause plaintiff and the least sophisticated consumer to believe, erroneously, that they could not be sued for the debt.

28. Plaintiff and the least sophisticated consumer would be less likely to pay a debt for which they are told they cannot be sued.

- 5 -

29. Defendant's statement would influence plaintiff and the least sophisticated consumer as to whether to pay the debt or as to the priority to give to the payment of the debt.

30. Defendant's said statement misrepresented the legal status of the debt.

31. Defendant's statement in its collection letter that the statute of limitations on the debt had expired is therefore a false, deceptive and misleading representation used by defendant in its attempt to collect the debt in violation of the FDCPA, 15 U.S.C. § 1692e.

32. Defendant's statement in its collection letter that the statute of limitations on the debt had expired is also a false representation of the legal status of the debt, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

33. Communications from debt collectors, such as the letter which defendant sent to plaintiff, are to be evaluated under the FDCPA by the objective standard of the hypothetical "least sophisticated consumer".

## AS AND FOR A SECOND CAUSE OF ACTION
## NYGBL § 349

34. Plaintiff re-alleges paragraphs 1 to 33 as if fully re-stated herein.

35. Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

36. Defendant breached its duty to collect plaintiff's debt with reasonable care.

37. In the exercise of reasonable care defendant ought to have ensured that for any debt for which the statute of limitations had not yet expired it did not include the above-quoted statement in its collection letters.

38. The fact that defendant included the above-quoted statement in its collection letter to plaintiff for a debt for which the statute of limitations had not yet expired indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

39. On information and belief, defendant obtains from Merrick Bank tens, if not hundreds, of consumer accounts of New York residents each month, for the purpose of collection.

40. Defendant's act of falsely stating that the statute of limitations on a debt had expired is a deceptive act and practice.

41. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

42. Defendant's deceptive act and practice was consumer-oriented, in that defendant's act of sending a collection letter to plaintiff which included the false statement that the statute of limitations had expired was not an act limited to plaintiff's account, but extended to the accounts of other consumers which defendant obtained from Merrick Bank for collection and for which the statute of limitations had not yet expired.

- 7 -

43. Defendant maintained no procedure to ensure that it did not include in its collection letters the statement that the statute of limitations had expired for debts for which that statement was false.

44. Defendant's said conduct of falsely stating that the statute of limitations on a debt had expired has a broad impact on consumers at large whose accounts are obtained from Merrick Bank by defendant for collection and whose debts are not beyond the statute of limitations.

45. Defendant's said false statement was deceptive in a material way in that incorrectly informing a consumer that she cannot be sued for a debt would give the consumer a false sense of security and would make the consumer prioritize the payment of the debt differently or even be less likely to pay it.

46. Defendant's said false statement was deceptive in a material way in that incorrectly informing plaintiff that he could not be sued for the debt gave him a false sense of security and made him prioritize the payment of the debt differently or even be less likely to pay it.

47. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

48. Upon receipt of defendant's letter plaintiff believed, erroneously, that he could not be sued for the debt.

49. Upon receipt of defendant's letter plaintiff believed, erroneously, that he would be able to get any lawsuit against him for the debt dismissed on the ground of the statute of limitations, if such a lawsuit were brought.

50. Defendant violated NYGBL § 349(a) by its false and deceptive statement to plaintiff that the statute of limitations for the debt had expired, and is liable to plaintiff under NYGBL § 349(h).

51. As a result of the above violations, defendant is liable to plaintiff in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(c) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(e) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(f) in the alternative to (e), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(h) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
February 24, 2017.

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com